**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Patrick Lawrence O'BRIEN and Larry Neil Miller, Defendants-Appellants.**

**No. 30935.**

United States Court of Appeals, Fifth Circuit.

April 16, 1971.

Rehearings Denied May 12, 1971.

---

tenced Miller to serve a five-year term in the custody of the Attorney General; O'Brien was sentenced to serve two concurrent five-year terms. Both defendants have appealed.

On appeal O'Brien contends that the Government's evidence was insufficient to sustain his conviction under Count IV. Both O'Brien and Miller contend that the court erred in allowing the jury to consider the Government's evidence concerning the counts that the court dismissed at the close of the Government's case.

We have considered the briefs and the record and conclude that there was sufficient evidence to sustain O'Brien's conviction under Count IV. Similarly, we hold that the court did not err, in the circumstances of this case, in permitting the jury to consider the Government's evidence pertaining to the dismissed counts.

Therefore, the judgment of the district court is affirmed.

Charlie Luckie, Jr., Tampa, Fla., for Patrick Lawrence O'Brien.

Conrad Swanson, Brandon, Fla., for Larry Neil Miller.

John L. Briggs, U. S. Atty., Richard H. McInnis, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before WISDOM, BELL, and AINSWORTH, Circuit Judges.

PER CURIAM:

Patrick Lawrence O'Brien and Larry Neil Miller were charged in a four-count indictment with knowingly passing, uttering, and publishing, with intent to defraud, certain forged and altered United States postal money orders, in violation of 18 U.S.C. § 500. Both defendants pleaded not guilty and stood trial by jury. At the conclusion of the Government's case both defendants moved for a judgment of acquittal. The district court granted the motions in part and dismissed Counts I, II, and III with respect to Miller and Counts I and III with respect to O'Brien. The jury found O'Brien guilty as charged in Counts II and IV and Miller guilty as charged in Count IV. The court sen-